**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfonso MENDOZA, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**German SILVA, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sergio MENDOZA, Defendant–Appellant.**

**Nos. 92–30124, 92–30134 and 92–30142.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 1993.

Decided Dec. 6, 1993.

George P. Trejo, Jr., Contreras–Trejo & Trejo, Richard A. Smith, Smith Law Offices, Victor H. Lara, Kurtz, Hurley, Lara & Adams, Yakima, WA, for defendants-appellants.

Gregory M. Shogren, Asst. U.S. Atty., Yakima, WA, for plaintiff-appellee.

Before: CANBY, WIGGINS, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

At the trial of these Appellants and others for charges of using or carrying a firearm during the commission of various drug trafficking offenses under 18 U.S.C. § 924(c), the district court did not instruct the jury that the use or carrying of the firearm had to be "in relation to" the drug offenses. We hold the failure to instruct the jury on this element of the crime was reversible error.

## BACKGROUND

This case arose from a joint undercover drug operation conducted by the Yakima Police and the Immigration and Naturalization Service (INS). Appellant German Silva was responsible for introducing INS undercover agent Manuel Rodriguez, who was posing as a buyer, to codefendants Ignacio Soliz and Jose Mendoza for the purpose of arranging a cocaine purchase. Silva was not present at the actual sale which took place in the parking lot of a Dairy Queen restaurant on the evening of August 8, 1991. Jose Mendoza and Soliz arrived at the parking lot in Soliz's van, followed closely by a Volkswagen Rabbit driven by Appellant Alfonso Mendoza and carrying as a passenger his brother, Appellant Sergio Mendoza. Alfonso parked the Rabbit beside Soliz's van. There was a loaded .22 caliber pistol in the Rabbit between the two front bucket seats within reach of both Alfonso and Sergio. Agent Rodriguez approached the van and asked Jose Mendoza about the men in the Rabbit. Jose replied, "Don't worry, they are my cousins, they have to be here for this deal." After Soliz showed

Agent Rodriguez three kilogram bricks of cocaine, all the defendants on the scene were arrested. Silva was arrested the following day.

Appellants were convicted of conspiracy to distribute cocaine, distribution of cocaine, and use of a firearm during and in relation to a drug trafficking offense. Silva was also convicted for use of a communication facility to facilitate a drug trafficking felony. (Codefendants Jose Mendoza and Ignacio Soliz are not parties in the present appeal.) We AFFIRM Appellants' drug convictions and sentences under the Sentencing Guidelines in a separate unpublished disposition, and REVERSE the firearm convictions in this opinion.

## DISCUSSION

Appellants argue that the trial court committed reversible error in excluding from the jury instructions an essential element of the firearm charge. Appellants were charged under 18 U.S.C. § 924(c)(1) which provides:

> Whoever, during *and in relation to* any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1) (West Supp.1993) (emphasis added).

 At oral argument, the Government informed us that the district court used a modification of the Ninth Circuit Model In-

struction with respect to § 924(c)(1).[1] The district court had instructed:

> Two essential elements are required to be proved in order to establish a violation of Title 18, United States Code, Section 924(c) as charged in Count 4 of the indictment:
>
> FIRST: that the defendants committed a drug trafficking crime which may be prosecuted in the United States District Court; and
>
> SECOND: that *during the commission of the drug trafficking offense* the defendants used or carried a firearm.

(Instruction No. 33) (emphasis added).[2] In addition to using a heavily edited version of the Model Instruction which omitted the "in relation to" element of the crime, the district court also rejected Appellants' proposed instruction which did include the "in relation to" language.

 The prosecution has the burden of proving every element of a crime beyond a reasonable doubt. *Carella v. California*, 491 U.S. 263, 265, 109 S.Ct. 2419, 2420, 105 L.Ed.2d 218 (1989) (citing *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970)). Accordingly, when a trial judge omits an element of the offense charged from the jury instructions, it deprives the jury of its fact-finding duty and violates the defendant's due process rights. *Id.* This court has expressly held that "[t]he relation between the firearm and the underlying offense is an essential element of the crime...." *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985). Therefore, failure to instruct upon it is constitutional error.

1. *Manual of Model Criminal Jury Instructions for the Ninth Circuit* 8.19U, at 164 (1992) provides:

> The defendant is charged in [Count ___ of] the indictment with [using] [carrying] a firearm *[during] [in relation to]* a [crime of violence] [drug trafficking crime] in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant committed the crime of [e.g., murder] [as charged in Count ___ of the indictment]; and

> Second, the defendant knowingly [used] [carried] a [describe the firearm] while committing the crime.
> (Emphasis added.)

2. The fact that the district court used a model jury instruction or a modification thereof does not preclude a finding of error. *See United States v. Warren*, 984 F.2d 325, 327 n. 3 (9th Cir.1993); *see also United States v. Hegwood*, 977 F.2d 492, 495–96 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993). We disapprove the instruction given here insofar as it failed to state that the use or carrying of the firearm must be "during and in relation to" the crime.

Contrary to the Government's assertion, *Stewart* does not say that "in relation to" is *not* an element of the crime. Stewart was prosecuted under the unamended version of the statute and his conviction was reversed for failure to include an instruction on the required relationship. The case holds that this has always been an implicit element of the crime even before Congress amended § 924 to include the specific "in relation to" language. *Id.* at 539.

Although failure to instruct on this element of the crime is constitutional error, it is subject to the harmless error rule. *See United States v. Harrison–Philpot,* 978 F.2d 1520, 1526 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2392, 124 L.Ed.2d 294 (1993). This court has formulated the appropriate inquiry as follows: (1) "based on the instructions given, what *must* the jury have found to convict?" and (2) "in making those findings, did it necessarily find all the required elements of the charged crimes?" *Id.* (emphasis in original) (quotation omitted).

The Government argues that the jury effectively found the "in relation to" requirement because the trial court's instructions as a whole sufficiently informed the jury of this element. We do not agree. Instruction No. 31 contained "in relation to" language, but it merely told the jury about the charges contained in the indictment without any reference to the findings the jury would be required to make. Instruction No. 32 also included the "in relation to" element, but it merely described what 18 U.S.C. § 924(c) provides. It was Instruction No. 33 that informed the jury exactly what it must find in order to convict, and that instruction conspicuously omitted any requirement that the gun be used "in relation to" the drug offense.

The deficiency was not corrected by Instruction No. 35, which stated that a defendant is considered to have "used" a firearm for the purposes of § 924(c) if the "firearm facilitated or had a role in the crime." The instruction failed to discuss another essential element of the crime: that a defendant may also be culpable for *carrying* a firearm during and in relation to a crime involving drugs or violence. This is a critical point under the facts of this case where the Mendoza brothers could be argued as having only carried, rather than used, the firearm. While Instruction No. 35 may have been effective in channeling the jury's deliberations concerning *use* of the firearm in relation to the crime (and we do not reach that question here), it did not offer any guidance about how *carrying* a firearm had to relate to the crime. The jury was thus free to convict the defendants because one of them merely carried the firearm without its also having to find that carrying the firearm had some relationship to the drug trafficking offense. Because the jury did not "necessarily find all the required elements of the charged crimes," *see id.,* the error was not harmless.

AFFIRMED in part, REVERSED in part and REMANDED for new trial or other appropriate disposition of the firearms charge.