21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Efrain OSEGUERA-HAROS, Defendant-Appellant.
 No. 91-30328.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided April 19, 1994.
 
 Before: HUG, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Efrain Oseguera-Haros appeals his conviction by a jury for conspiracy to distribute cocaine, distribution of cocaine, and carrying a firearm during and in relation to a narcotics offense. He contends that the trial court erred when it denied his motion for a new trial and an evidentiary hearing based on newly discovered evidence, and that the court erred in denying his motion to suppress. The appellant further contends that the trial court issued erroneous jury instructions on the handgun offense and on the definition of reasonable doubt. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 MOTION FOR A NEW TRIAL and EVIDENTIARY HEARING
 
 3
 Appellant contends that the district court erred in denying his motion for a new trial, based on newly discovered evidence, and in denying an evidentiary hearing on the motion. The alleged newly discovered evidence would have been the testimony of co-defendant Valdez-Alfaro. Appellant claims that Valdez-Alfaro could have offered exculpatory evidence on his behalf if the Government had granted Valdez-Alfaro immunity prior to appellant's trial, and that the Government's timing in granting immunity constituted misconduct.
 
 A. NEW TRIAL
 
 4
 We review the denial of a motion for a new trial for an abuse of discretion. United States v. Walgren, 885 F.2d 1417, 1426 (9th Cir.1989). We apply a four-factor test to determine whether a new trial is warranted. The factors are:
 
 
 5
 1) the evidence is newly discovered and was unknown to the defendant at the time of trial; 2) the evidence is material, not merely cumulative or impeaching; 3) the evidence will probably produce an acquittal; and 4) failure to learn of the evidence sooner was not due to lack of diligence.
 
 
 6
 Id. at 1428. The third factor does not apply when the new trial motion implicates government misconduct. Id.
 
 
 7
 The appellant cannot meet the first factor. Although he did not know precisely what Valdez-Alfaro was going to testify to, the appellant did know that Valdez-Alfaro had claimed he knew nothing of the drug transaction, and that co-defendant, Dominguez, submitted an affidavit stating that Valdez-Alfaro was unaware that he was accompanying the appellant to a drug transaction. Appellant knew that Valdez-Alfaro would, if he testified, make statements to the effect that he did not know about the drug transaction and that this ignorance would extend to a lack of knowledge as to whether appellant was involved. This evidence does not fit within the criteria for newly discovered evidence.
 
 
 8
 The testimony of Valdez-Alfaro is newly "available" not newly "discovered." "When a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not newly discovered." United States v. Diggs, 649 F.2d 731, 740 (9th Cir.), cert. denied, 454 U.S. 970 (1981) (internal quotation omitted). "[A] court must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a co-defendant, since [made available], had availed himself of his privilege not to testify." United States v. Lockett, 919 F.2d 585, 592 (9th Cir.1990) (internal quotation omitted). Appellant's attorney knew that Valdez-Alfaro claimed that he had no knowledge of the drug transaction. Valdez-Alfaro, on his attorney's advice, refused to testify and refused to offer the Government a proffer that would have led to a grant of immunity. A refusal to testify for strategic reasons, and then coming forward with testimony after the fear of prosecution is alleviated, does not create newly discovered evidence. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 258 (1992) (co-defendants who refused to testify based on attorney's advice who come forward after accepting a plea not considered newly discovered evidence). Valdez-Alfaro's testimony was not newly discovered evidence.
 
 
 9
 The appellant contends that the Government's delay in granting Valdez-Alfaro immunity was misconduct. The record belies this contention. The Government submitted affidavits stating that it sought immunity for Valdez-Alfaro prior to the trial, but that because he declined to provide a proffer, the Government chose not to immunize him at that time and would evaluate the charges against him after the trial of his co-defendants. This decision by the Government was a legitimate reason for delaying immunity and was not misconduct. See United States v. Baker, 10 F.3d 1374, 1414-15 (9th Cir.1993).
 
 
 10
 Based on the record, the district court did not abuse its discretion in denying the motion for a new trial.
 
 B. EVIDENTIARY HEARING
 
 11
 Appellant contends that the trial court erred in denying his motion for an evidentiary hearing regarding his motion for a new trial. A trial court's denial of a motion for an evidentiary hearing is reviewed for abuse of discretion. United States v. Navarro-Garcia, 926 F.2d 818, 822 (9th Cir.1991).
 
 
 12
 An evidentiary hearing must be granted on a motion for a new trial "unless the alleged misconduct could not have affected the verdict or the district court can determine from the record before it that the allegations are without credibility." Id. Review of the record demonstrates that the trial court did not abuse its discretion in denying an evidentiary hearing because the alleged misconduct did not affect the outcome and there was a sufficient record to determine that the allegations lacked credibility.
 
 MOTION TO SUPPRESS
 
 13
 Appellant contends that the district court erred in denying his motion to suppress his identification cards. He claims the court erred because there was insufficient evidence on the record to establish that Manuel Dominguez and Carlos Dominguez, both of whom signed consent to search forms, had sufficient control of the premises to consent to the search of the apartment.
 
 
 14
 This court has left open the question of whether the existence of authority to consent is reviewed de novo or for clear error. United States v. Kelley, 953 F.2d 562, 566 (9th Cir.1992). We need not reach that determination because the outcome would be the same under either standard.
 
 
 15
 The Government has the burden of establishing the effectiveness of third-party consent. Illinois v. Rodriguez 497 U.S. 177, 181 (1990). "Consent to search may be given by a third party who possesses common authority over, or other sufficient relationship to, the premises to be inspected." Kelley, 953 F.2d at 566 (citing United States v. Matlock, 415 U.S. 164, 171 (1974)). To establish common authority it must be shown that the third party has "joint access or control for most purposes" over the quarters to be searched. Rodriguez, 497 U.S. at 181 (internal quotation omitted).
 
 
 16
 The Government obtained Carlos Dominguez' and Manuel Dominguez' signed consents to search their home located at 561 South Prentice in Seattle.[1] The record revealed that the telephone for the apartment was in Manuel Dominguez' name. The record also demonstrated that Manuel and Carlos were renting the apartment. The identification papers and license belonging to the appellant were recovered from a bedroom within the apartment in a pile of clothes.
 
 
 17
 Based on these facts, the Dominguez brothers had access and control over the apartment for most purposes and gave valid consent. The recovery of appellants' documents was based on proper third-party consent. The trial court's denial of the motion to suppress was not error.
 
 JURY INSTRUCTIONS
 A. 18 U.S.C. Sec. 924(c)(2)
 
 18
 Appellant contends the district court erred in issuing instruction # 19 regarding the elements for the offense of carrying a handgun during and in relation to a drug trafficking offense under 18 U.S.C. Sec. 924(c)(2). Specifically, he argues that the instruction insufficiently defined the relationship between the use of the firearm and the commission of the crime.
 
 
 19
 Whether a jury instruction misstates elements of a statutory crime is a question of law reviewed de novo. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). The district court's formation of a jury instruction is reviewed for abuse of discretion. United States v. Perez, 989 F.2d 1111, 1114 (9th Cir.1993).
 
 
 20
 This court reviewed the "during and in relation to" element of a crime under section 924(c)(1) in United States v. Mendoza, 11 F.3d 126 (9th Cir.1993.) In Mendoza, the panel held that "[t]he relation between the firearm and the underlying offense is an essential element of the crime ..." and "[t]herefore, failure to instruct upon it is constitutional error." Id. at 128 (internal quotations omitted). The instruction regarding "in relation to" requires a causal connection between the narcotics offense and the firearm. Perez, 989 F.2d at 1115.
 
 
 21
 The district court's jury instruction for the firearm offense stated in relevant part:
 
 
 22
 In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt....
 
 
 23
 (a) That the defendant knowingly carried a .45 caliber semiautomatic pistol during and in relation to the commission of the crime; ....
 
 
 24
 The phrase "in relation to" as used in this instruction, means that the firearm was carried for the purpose of facilitating or safeguarding the commission of the crime.
 
 
 25
 (emphasis added.)
 
 
 26
 This instruction meets the requirements of Mendoza. "During and in relation to" are listed as elements. The instruction also adequately explains the causal connection between the narcotics offense and the gun. The instruction channels the jury to determine if the gun facilitated or safeguarded the commission of the crime, and it gives the jury guidance about how the gun related to the crime. Cf. Mendoza, 11 F.3d at 129. The district court did not err in issuing instruction # 19.
 
 B. THE REASONABLE DOUBT INSTRUCTION
 
 27
 The appellant contends that the district court erred in issuing the instruction on reasonable doubt because the instruction stated that proof beyond a reasonable doubt was "proof that leaves a juror firmly convinced that the defendant is guilty," as opposed to stating that a reasonable doubt "is a doubt which would cause a juror to hesitate to act."
 
 
 28
 A court's definition of reasonable doubt is reviewed for abuse of discretion. United States v. Nolasco, 926 F.2d 869, 872 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 112 S.Ct 111 (1991).
 
 
 29
 The jury instruction on reasonable doubt stated in relevant part:
 
 
 30
 A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.
 
 
 31
 This circuit has held that the "firmly convinced" language used in this case and the "hesitate to act" language suggested by the appellant are essentially two ways of conveying the same definition of reasonable doubt. United States v. Velasquez, 980 F.2d 1275, 1278 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2979 (1993).
 
 
 32
 Velasquez does not conflict with Sullivan v. Louisiana, --- U.S. ----, 113 S.Ct. 2078 (1993). Sullivan pertained to whether a constitutionally deficient reasonable doubt instruction may be harmless error. Sullivan, 113 S.Ct. at 2080. We held in Velasquez that a jury instruction using the language "firmly convinced" in defining reasonable doubt is a proper and valid way of conveying the definition of reasonable doubt. Velasquez, 980 F.2d at 1278. The instruction on reasonable doubt issued by the district court was not constitutionally deficient. Sullivan is inapplicable.
 
 CONCLUSION
 
 33
 The trial court did not err in denying the motion for a new trial and an evidentiary hearing based on newly discovered evidence because the evidence was not newly discovered. The Government did not act improperly regarding the timing of granting Valdez-Alfaro immunity. The trial court properly denied the motion to suppress because the Dominguez brothers provided valid third-party consent. The trial court did not err in the issuing of the jury instruction regarding the handgun offense or in the reasonable doubt instruction.
 
 
 34
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carlos Dominguez' consent was determined to be voluntary under Miranda in his appeal cited as a memorandum disposition at 963 F.2d 380