32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey S. WELCH, Defendant-Appellant.
 No. 93-10014.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided July 26, 1994.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Jeffrey Welch ("Welch") appealed six distinct issues relating to his jury trial and to the sentence imposed by the district court judge. A jury convicted Welch of (1) two counts of distribution of methamphetamine under 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(viii); (2) one count of possession with intent to distribute methamphetamine under 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(D); (3) two counts of using and carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. Sec. 924(c); and (4) one count of unlawful possession of a firearm as a felon under 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). The district court judge sentenced Welch to concurrent sentences for the three drug trafficking counts and the count of being a felon in possession of a firearm. He sentenced Welch to two sentences, consecutive to each other and to all other counts, for the violations of Sec. 924(c)(1).
 
 
 3
 We reject all of Welch's claims and affirm his conviction and sentence.
 
 I.
 
 4
 To convict under Sec. 924(c)(1), the government must prove (1) "that the firearm at issue was 'related to,' or played some role in, the underlying crime" and (2) "that the defendant 'used' or 'carried' the firearm." United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991). "A firearm may play a role in the offense simply by emboldening the defendant to act; the defendant need not have drawn his weapon or fired rounds." Id. at 1050.
 
 
 5
 The government introduced sufficient evidence to support Welch's conviction for "using" or "carrying" the firearm while committing a drug trafficking offense. The government elicited the testimony of two agents who witnessed Welch exit his trailer with a bulge that appeared to be a handgun in the waistband of his trousers under his shirt. This occurred before the agent and Welch agreed on a price for the methamphetamine and before Welch received any money for the drugs. The government also introduced the testimony of an informant who identified the pistol that Welch carried with him. Further, the government showed that the agent dealing with Welch was about two inches taller and fifty pounds heavier than Welch. This evidence supports the government's theory that Welch carried a gun for protection before the completion of a drug trafficking offense and is sufficient to allow any rational trier of fact to find that Welch violated Sec. 924(c)(1). We affirm the district court's denial of Welch's motion for acquittal.
 
 II.
 
 6
 In United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992) (emphasis in original), we held that the plain meaning of "second or subsequent conviction" in Sec. 924(c)(1) did not require "that an offense underlying a second conviction occur after the conviction for the first offense. The only requirement is that a conviction be second or subsequent, not that any offense underlying that conviction follow a first conviction." The Supreme Court's decision in Deal v. United States, 113 S.Ct. 1993 (1993), supports our holding in Neal. In Deal, the Court held that "conviction" in Sec. 924(c)(1) refers to a finding of guilt by a judge or jury and not to the entry of a final judgment of conviction. Deal, 113 S.Ct. at 1996. The Court noted that "when 'conviction' means (as we hold) a finding of guilt[,] ... findings of guilt on several counts are necessarily arrived at successively in time." Id. at 1997.
 
 
 7
 We have also adopted the Fourth Circuit's holding that the convictions need not be the product of separate indictments, since "to require separate indictments would have no purpose other than to require the government to perform the meaningless ministerial function of typing and presenting two indictments, instead of one, to the grand jury." Neal, 976 F.2d at 602 (quoting United States v. Raynor, 939 F.2d 191, 193 (4th Cir.1991)). See also United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir.1989) (sentences imposed under Sec. 924(c)(1) consecutive to any other sentences received by defendant and "nothing in the statute or the legislative history suggests [defendant] must be separately charged with and convicted of the underlying offense"), cert. denied, 493 U.S. 1090 (1990). The words any other term of imprisonment in Sec. 924(c)(1) plainly indicate that sentences imposed under that subsection shall run consecutively and not concurrently. The district court did not err in imposing consecutive sentences, and we affirm Welch's five- and twenty-year consecutive sentences under Sec. 924(c)(1).
 
 III.
 
 8
 Welch contends that the district court erred in its instructions to the jury on the two counts under Sec. 924(c)(1) because it did not specifically list "during and in relation to" as part of an element of the offense in its instruction to the jury on what it must find in order to convict. We usually review de novo whether a jury instruction misstates elements of a statutory crime. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). In this case, we review for plain error, since Welch did not object to the jury instructions at the time of trial. United States v. Fagan, 996 F.2d 1009, 1016 (9th Cir.1993).
 
 
 9
 On the two counts under Sec. 924(c)(1), the district court instructed the jury that
 
 
 10
 [i]n order for the defendant to be found guilty [under Sec. 924(c)(1) ], the government must prove each of the following beyond a reasonable doubt:
 
 
 11
 First, the defendant committed the crime of drug trafficking....
 
 
 12
 Second, that the defendant knowingly used and carried a firearm while committing the crime.
 
 
 13
 In light of United States v. Mendoza, 11 F.3d 126 (1993), this instruction was in error. In Mendoza, we held that the district court erred by omitting the requirement that "the gun be used 'in relation to' the drug offense" when it informed the jury of exactly what it must find to convict under Sec. 924(c)(1). Id. at 129. We found that in instructing the jury on the required elements, the district court must use the words "in relation to" to modify both the words "use" and "carry." Id. Further, we stated that "[b]ecause the jury did not necessarily find all the required elements of the charged crimes, the error was not harmless." Id. (internal quotations omitted).
 
 
 14
 Pursuant to Mendoza, the district court erred in its instruction to the jury, and that error was not harmless. However, since Welch did not object to the instruction at trial, we must further review for plain error.
 
 
 15
 For a reviewing court to correct plain error, there must first be an actual error an not merely a waiver of rights. United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993). Second, the error must be plain in that it is "clear" or "obvious" under current law. Id. Third, the plain error must "affect substantial rights," meaning in most cases that it affected the outcome of the proceeding. Id. at 1777-78. Finally, even if the forfeited error is plain and affected by substantial rights, the reviewing court is not required to order correction. Id. Rather, the court should exercise its discretion to correct the error only in those cases "in which a miscarriage of justice would otherwise result." Id. at 1779 (quotations omitted).
 
 
 16
 In this case, based on Mendoza, there was an actual error, not merely a waiver of rights. However, at the time of Welch's trial, this error was not "plain" because it was not "clear" or "obvious" under current law. The district court's jury instruction at Welch's trial, which lasted from September 23-25, 1992, was identical to the instruction in the Ninth Circuit's Manual for Criminal Jury Instructions. See 9th Cir.Crim Jury Inst. 8.19U (1992). Although Mendoza renders the type of instruction given by the district court erroneous, we did not reach this decision until December 1993.[1] Because the error in the court's instruction was not in any way "clear" or "obvious" at the time of trial, we decline to exercise our discretion to correct it.
 
 
 17
 Supreme Court authority on plain error does not require us to exercise our discretion to correct the error in this case. In Olano, the Supreme Court specifically stated that "[it] need not consider the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified." Olano, 113 S.Ct. at 1779. That is the situation here.
 
 
 18
 Our decision also comports with ninth circuit law, since the error in this case differs from that in United States v. Gaudin, No. 93-10014, 1994 U.S.App. LEXIS 15516 (9th Cir. June 21, 1994) (en banc). In Gaudin, we found that the court's failure to instruct the jury on the element of materiality affected the defendant's "substantial constitutional right to have a jury, not a judge, decide the facts necessary to establish the existence of an element of the crime." Id. at * 32. We were concerned "not with a possible unfair prejudicial impact on the jury's deliberations, but with the failure to allow the jury to deliberate on the issue at all." Id. Here, in contrast, we are only concerned with the possible unfair prejudicial impact on the jury's deliberations of the district court's failure to use the words "during and in relation to" in its instruction. Thus, the error in this case does not prejudice a "substantial constitutional right" to the extent that the error did in Gaudin. Furthermore, when the district court in Gaudin committed error by failing to let the jury decide the element of materiality, "[i]t violated clear circuit precedent that had been in existence for 15 years." Id. In this case, however, the error did not become "clear" at all until we decided Mendoza long after Welch's trial. Thus, Gaudin's statement that "[w]hen a defendant has not been accorded his Fourth and Sixth Amendment rights to a jury determination of the existence of an essential element of the crime, we conclude the error meets that standard" does not apply to this case.
 
 
 19
 We should exercise our discretion to correct an error only if a "miscarriage of justice would otherwise result" and if the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Olano, 113 S.Ct. at 1779 (internal quotations omitted). Here, because the error was not plain at the time of trial and because the district court did not usurp the fact-finding province of the jury as in Gaudin, we find that we should not exercise our discretion to reverse Welch's convictions under Sec. 924(c)(1). The court's failure to use the words "during and in relation to" in its instruction to the jury in this case was not plain error and did not result in a miscarriage of justice.[2]
 
 IV.
 We have declined to
 
 20
 make a rule requiring the trial court to question defendants personally as to the voluntariness of any stipulation of a crucial fact.... Instead, we hold that when a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the content of the stipulation and agrees to it through his or her attorney. Unless a criminal defendant indicates objection at the time the stipulation is made, he or she is ordinarily bound by such stipulation.
 
 
 21
 United States v. Ferrebouef, 632 F.2d 832, 836 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981).
 
 
 22
 Defense counsel's stipulations of fact clearly meet the standard established in Ferrebouef because the stipulations were entered into the record in open court in Welch's presence, Welch never objected, Welch's counsel agreed; Welch is therefore bound by the stipulations. Id.; see also United States v. Houston, 547 F.2d 104, 107 (9th Cir.1976) (Defendant's stipulation to a felony conviction "related to an essential element of the crime, to be regarded by the jury as a fact conclusively proved.").
 
 
 23
 The district court judge was not required to personally address the defendant to make sure the stipulations were voluntary, since Welch did not stipulate to all facts necessary to establish guilt of the offense charged. See Ferrebouef, 632 F.2d at 836. Welch's stipulation that the substance was methamphetamine did not establish guilt but only eliminated proof at trial of an easily verifiable, technical matter. The prosecution still had to prove beyond a reasonable doubt all elements of the charges of distribution and possession. Welch's stipulation that he had a prior conviction did not establish that he was a felon in possession of a firearm because the prosecution still had to show that Welch possessed a firearm. The district judge did not err by accepting the stipulations and was not required to personally address Welch to assure the voluntariness of the stipulations.
 
 V.
 
 24
 Defense counsel's stipulation to easily verified facts--a prior conviction and the identity of the substance--did not deprive Welch of effective assistance of counsel nor the right to have the prosecution prove every element of the crimes beyond a reasonable doubt. This case is distinguishable from United States v. Swanson, 943 F.2d 1070, 1074 (9th Cir.1991) (quoting United States v. Cronic, 466 U.S. 648 (1984)), in which we found a deprivation of counsel and prejudice to the defendant because the attorney "utterly failed to 'subject the prosecution's case to meaningful adversarial testing.' " In Swanson, the defense attorney told the jurors "that no reasonable doubt existed as to his client's identity as the perpetrator of the only crime charged in the indictment" and that "the evidence in this case ... is overwhelming and [that he was] not going to sit [t]here and insult [their] intelligence." Id. at 1076, 1077. The attorney's conduct in this case is in no way similar to the behavior of the attorney in Swanson who "betrayed" his client and "shouldered part of the Government's burden of persuasion." Id. at 1075.
 
 
 25
 The stipulations in the instant matter involve evidentiary facts, not the ultimate guilt of the defendant, and are tactical decisions of defense counsel. Counsel stipulated to the prior conviction since Welch merely contested the fact that he "possessed" the gun found in his car, rendering it unnecessary to focus on the conviction. Counsel stipulated to the fact that the substance involved was methamphetamine since Welch's defense that he did not "sell" to the agents did not concern the type of drug involved. Since the stipulations were tactical decisions, we deny Welch's claim that he was received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 689 (1984) ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.").
 
 VI.
 
 26
 The privilege against self-incrimination prohibits a prosecutor from commenting on a defendant's failure to testify. Griffin v. California, 380 U.S. 609, 615 (1965). However, not all comments will infringe upon a defendant's privilege. Our test to determine whether a prosecutor has violated a defendant's Fifth Amendment rights is
 
 
 27
 whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify. A prosecutor may properly comment upon the defendant's failure to present exculpatory evidence, so long as it is not phrased to call attention to defendant's own failure to testify.
 
 
 28
 United States v. Soulard, 730 F.2d 1292, 1306 (9th Cir.1984).
 
 
 29
 This case is distinguishable from our decision in United States v. Sehnal, 930 F.2d 1420 (9th Cir.1991), in which we found the prosecutor's questions impermissible because they could only have been answered by the defendant. Even though we found the questions impermissible, we did not reverse the conviction, since it was "unlikely that the improper argument affected the juror's evaluation of [the witnesses'] testimony and there [was] a high probability that the improper argument did not affect the jury's conclusion that [the defendant was guilty]." Id. at 1426. The prosecutor's comments in this case are not questions to which only Welch could respond; rather, they are statements relating to the strength of the government's case and the credibility of its witnesses. Moreover, even if the prosecutor's statements were impermissible, it is not "highly probable" that referring to the strength of the government witnesses on cross-examination "materially affected the verdict." Id.
 
 
 30
 The prosecutor's use of the word "uncontradicted" related to a witness' credibility and failure to contradict himself and did not emphasize Welch's failure to testify. "[A] comment on the failure of the defense as opposed to the defendant to counter or explain the testimony presented or evidence introduced is not an infringement of the defendant's Fifth Amendment privilege." United States v. Wasserteil, 641 F.2d 704, 709-10 (9th Cir.1981) (quotations omitted). Even if the prosecutor had referred to the fact that the defense had not contradicted the witness' testimony, it would not have infringed on Welch's privilege. The prosecutor's statements in his closing argument were not impermissible comments on Welch's failure to testify.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The statute at issue here, Sec. 924(c)(1), was amended in 1984 to include the words "during and in relation to." Case law at the time of Welch's trial indicated that "the 'in relation to' language was not intended to create an element of the crime that did not previously exist, but rather was intended to make clear a condition already implicit in the statute." United States v. Stewart, 779 F.2d 538, 539 (9th Cir.1985). Thus, at the time of Welch's trial, our model instruction appeared proper. Only in light of Mendoza is the instruction now improper
 
 
 [2]
 We note that the evidence against Welch on the counts under Sec. 924(c)(1) was overwhelming
 On the first court which Welch was charged with using or carrying a gun during and in relation to a drug trafficking crime, he was carrying a handgun when he arrived at the trailer where the drug transaction occurred on February 16, 1992. He then put the handgun in his own trailer nearby. During the negotiations, Welch returned to his own trailer. When he reappeared to meet with the agents, Welch had a noticeable bulge in his waistband, which the agents believed was a handgun. The agents then paid Welch for a half-pound of methamphetamine.
 On the second count, a police officer pulled Welch over while he was driving. This was on February 25, 1992, the day after Welch had arrived at the agent's trailer with a handgun and methamphetamine to close a deal with the agents; however, he never returned to the trailer. In his search of Welch's car, the officer found methamphetamine, a handgun, two syringes, rubber gloves, an electronic scale, and a dental probe.