36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo RODRIGUEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary E. DENOGEAN, Defendant-Appellant.
 Nos. 93-10448, 93-10453.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1994.
Decided Sept. 16, 1994.
 
 1
 Before: LEAVY and KLEINFELD, Circuit Judges, and VAN SICKLE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Arturo Rodriguez and Mary Denogean appeal from their jury convictions of possession with intent to distribute marijuana and use of a firearm during a drug trafficking offense, arguing that the district court erred by admitting certain testimony (Rodriguez) and that there was insufficient evidence to support the convictions (Denogean). We affirm both convictions.
 
 
 4
 * Rodriguez moved in limine, asking the trial court to bar the prosecution from introducing any evidence concerning co-defendant Lyle Johns' criminal history, prior drug trial, and flight from prosecution. The motion was granted and the indictment was redacted to delete the original Count V from the indictment. At trial, United States Customs Service Special Agent Gordon Ridings testified that he had identified Johns in Mexican custody, photographed Johns' airplane, identified the plane as matching the description given by William and Rebecca Stambaugh, and retrieved floral wrappings from bundles of marijuana found in Johns' aircraft. The photographs and floral wrappings were then introduced into evidence. Rodriguez contends on appeal that this testimony was hearsay and unduly prejudicial to Rodriguez's defense, and that the district court erred by admitting it. We disagree.
 
 
 5
 Agent Ridings' testimony did not run afoul of the limitation order, because it did not involve Lyle Johns' criminal history, prior drug trial, or flight from prosecution. After Rodriguez and Denogean successfully moved for judgments of acquittal on Counts I and II, neither the government nor the court made any further reference to Agent Ridings' testimony, the jury was admonished to disregard any evidence pertaining to Johns, and the indictment was redacted to delete those counts. Agent Ridings' testimony was not unduly prejudicial.
 
 II
 
 6
 Denogean argues that the evidence presented was insufficient to convict her of possessing marijuana with the intent to distribute it and of using a firearm during the commission of a drug trafficking offense. In support of her position, Denogean contends, inter alia, that hers was not the only vehicle on the road that evening; there was a mechanical reason for her car's slow speed; the Stambaughs' testimony that the bundles reeked of marijuana was without foundation, as there was no showing that they knew what marijuana smelled like; the pistol wasn't fully loaded and was as much of a threat to Denogean as anyone; and her failure to attempt to escape is inconsistent with someone involved in a drug scheme. We reject this argument.
 
 
 7
 Here, and unlike the situation presented in United States v. Wiseman, 25 F.3d 862 (9th Cir.1994), Denogean was the owner and driver of the car; the drugs were not hidden in the trunk, but were figuratively, if not quite literally, right under her nose; and she drove slowly past a remote airstrip before turning onto that runway--private property, by the way, with which she admittedly had no connection--only minutes after the drugs had been unloaded from an airplane. Denogean also admits that she knew Rodriguez picked up one of the marijuana bundles--interestingly enough, the one marked "1"--and placed it in her car. Viewing this evidence in the light most favorable to the government, it cannot be said that no rational trier of fact could have found Denogean guilty of possession with intent to distribute marijuana. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 8
 Denogean's sufficiency of evidence issue relating to the gun is more substantial, but we conclude that affirmance is proper. The statute penalizes a person for gun possession "during and in relation to" a drug offense. The crime is not merely possession "during" the offense. Congress has required "a relation between the firearm and the underlying crime." United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985) (Kennedy, J.). The government must prove not only possession during a drug crime, but also that "the firearm had a role in the crime, such as emboldening the actor[.]" Id.
 
 
 9
 Denogean's possession was well established by the proof. The pistol was in her car, and she had caused the gun to be removed from the house to the car, according to her own testimony, to keep it away from her grandchildren. The relation of the gun to the crime was a closer issue. The district court instructed the jury, in accord with United States v. Stewart, supra, that the government had to prove that "[t]he firearm facilitated or had a role in the offense, such as emboldening or instilling boldness or courage in an actor who had the opportunity or ability to display or discharge the firearm to protect himself, or to intimidate others, whether or not such display or discharge in fact occurred." Compare United States v. Mendoza, 11 F.3d 126, 127 (9th Cir.1993) (failure of district court to instruct jury that use or carrying of firearm must be "in relation to" drug offenses was reversible error) with United States v. Steward, 16 F.3d 317, 321 (9th Cir.1994) (no plain error because "during and relating to" requirement spelled out fully in instructions).
 
 
 10
 A rational jury could conclude from the evidence that the requirement of the instruction was satisfied. The gun was under the passenger seat, was not practically usable for target shooting or sport, was a semi-automatic of a design useful for brandishing, was loaded, and could shoot. Unlike a non-drug defense weapon which might be left in a car at all times, the gun was placed where it would be more accessible to an accomplice and not the driver, rather than in the glove compartment or under the driver's seat. Traveling to a marijuana drop in a remote area at night gave Denogean a drug-related reason to have a gun along.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Fred van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3