45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ursus Demetrious STROUD, Defendant-Appellant.
 No. 93-30445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1994.
Decided Dec. 21, 1994.
 
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ursus Stroud appeals his convictions for possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1), possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. Sec. 924(c)(1), and possession of a firearm by a felon, 18 U.S.C. Sec. 922(g). We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm in part and reverse in part.
 
 I. FACTS
 
 3
 During the early morning hours of June 16, 1992, Portland Police Officer Robert Hollins observed heavy vehicular and foot traffic centered around a car occupied by Stroud and Gene Williams. Hollins suspected drug trafficking and approached on foot to investigate further.
 
 
 4
 Hollins first spoke with the driver, who identified himself as Williams. While he was conversing with Williams, Hollins saw Stroud reach under the seat and observed a brown paper bag on the front seat that appeared to contain a gun. Hollins walked around the car and asked Stroud if there were a gun in the bag, and Stroud said there was. Hollins told both men to put their hands on the dashboard, retrieved a loaded gun from the bag, and radioed for backup.
 
 
 5
 After other officers arrived, Hollins ordered the men out of the car. Hollins asked Stroud whether the gun was his, and he said it was. Stroud and Williams were Mirandized. Stroud indicated that he understood his rights but was willing to talk. Hollins then observed a plastic bag containing rock cocaine on the floor where Stroud had been reaching. While retrieving the bag, Hollins found a second gun under the passenger seat. Stroud denied any knowledge of the drugs, but said that the second gun was his. Although Stroud had initially stated that the first gun was his, both men said that Williams owned the first gun, not Stroud. Hollins also seized Stroud's telephone pager, a large number of plastic baggies, and a box of ammunition from the trunk.
 
 
 6
 While the pager was still in Hollins' custody, the pager beeped. Hollins pressed a button to retrieve the transmitted phone number. Hollins called the phone number and posed as Stroud to set up a drug buy with a woman named Linda Stevenson. Stevenson was arrested minutes later as she attempted to buy drugs from Hollins.
 
 
 7
 Stroud testified that he had no knowledge of either the cocaine or the second gun which was found under the seat. Stroud stated that he was with Williams only to get a ride home and denied making any of the incriminating statements attributed to him by Hollins. Stroud denies that he was ever Mirandized, and claims that Hollins "undid" his gun after discovering the gun in the bag and threatened to shoot him if he ran away.
 
 II. DISCUSSION
 A. Suppression of Incriminating Statements
 
 8
 Stroud claims that the district court erred by failing to suppress his incriminating statements made on the night of his arrest. Stroud argues that his pre-Miranda statements were the product of a custodial interrogation and his post-Miranda statements were not preceded by a voluntary waiver of his Miranda rights. We find these claims to be without merit.
 
 
 9
 The issue of whether the district court's determination regarding custodial interrogation should be reviewed de novo or for clear error is currently in dispute. See United States v. Henley, 984 F.2d 1040, 1042 (9th Cir.1993). However, we do not decide the issue here because under either standard, the district court did not err in concluding that Stroud was not in custody.
 
 
 10
 Even if we assume that Hollins' questions constituted interrogation, see id. at 1042, Stroud's claim must nonetheless fail because the totality of the circumstances does not indicate that he was in custody, see United States v. Mendenhall, 446 U.S. 544, 554 (1980) (plurality opinion) (totality of circumstances test); United States v. Booth, 669 F.2d 1231, 1235 (9th Cir.1981) (same).[1] Although Hollins was in uniform, visibly armed, and carried a flashlight, the investigation was not coercive; it took place in a public place, was of short duration, and was not accompanied by threats or promises of any kind. See, e.g., Berkemer v. McCarty, 468 U.S. 420, 437-39 (1984) (discussing noncoercive nature of routine traffic stop by armed, uniformed police). Given the routine nature of the contact and the uncoercive nature of the questioning, we find that Stroud was not in custody, and the district court did not err by admitting his pre-Miranda statements.
 
 
 11
 Neither do we find any merit in Stroud's second claim that he did not voluntarily waive his Miranda rights. We review the district court's finding of voluntary waiver for clear error. United States v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir.1993); United States v. George, 987 F.2d 1428, 1430 (9th Cir.1993).
 
 
 12
 The circumstances here do not contain sufficient indicia of coercion to disturb the district court's finding of voluntary waiver. Although Stroud denied ever having been given a Miranda warning, the district court credited Hollins' testimony that Stroud was properly Mirandized, indicated that he understood his rights, and agreed to waive them. Hollins' testimony provided a basis for the district court to conclude that the waiver was the product of a free and deliberate choice and not coerced or deceived. See Greenawalt v. Ricketts, 943 F.2d 1020, 1027 (9th Cir.1991), cert. denied sub nom., Greenawalt v. Lewis, 113 S.Ct. 252 (1992). Accordingly, we find that the district court did not clearly err by admitting Stroud's post-Miranda statements.
 
 B. Pager Evidence
 
 13
 Stroud claims that the district court erred by failing to suppress the evidence obtained from the telephone numbers transmitted to his pager following his arrest.[2] The district court's denial of a motion to suppress is reviewed de novo, and the underlying factual determinations are reviewed for clear error. United States v. Delgado, 4 F.3d 780, 788 (9th Cir.1993).
 
 
 14
 Before his arrest, Stroud had a reasonable expectation of privacy in the contents of the pager's memory. See United States v. Chadwick, 433 U.S. 1, 10-11 (1977). However, the pager was seized incident to a lawful arrest and searched to obtain evidence that might otherwise have been destroyed. This exigent circumstance combined with the lawful seizure destroyed Stroud's reasonable expectation of privacy in the contents of his pager. See, e.g., New York v. Belton, 453 U.S. 454 (1981); Chimel v. California, 395 U.S. 752, 762-64 (1969); United States v. Turner, 926 F.2d 883, 887 (9th Cir.), cert. denied, 112 S.Ct. 103 (1991); United States v. Chan, 830 F.Supp. 531, 534-35 (N.D.Cal.1993). In light of these facts, we find that the district court did not err by denying Stroud's motion to suppress the pager evidence.
 
 C. Prior Bad Act Evidence
 
 15
 Stroud claims that the district court erred by admitting prior bad-act evidence concerning his alleged drug transaction with Linda Stevenson because it was inadmissible under Federal Rules of Evidence 404(b) and 403.[3] At trial, Stevenson testified that less than twelve hours prior to Stroud's arrest, she had purchased cocaine from Stroud and Williams. We review the district court's evidentiary rulings for an abuse of discretion, Palmer, 3 F.3d at 304; Palmerin v. City of Riverside, 794 F.2d 1409, 1411 (9th Cir.1986), and affirm.
 
 1. Rule 404(b)
 
 16
 Stroud argues first that the evidence should not have been admitted under Rule 404(b) because it was immaterial and related to propensity. We find no merit to either of these claims. As to the first, Stevenson's testimony concerning Stroud's sale of narcotics less than twelve hours earlier is clearly material to the issues of knowledge and intent. See, e.g., United States v. Adrian, 978 F.2d 486, 492 (9th Cir.1992); United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982). As to the second, the fact that the evidence may also relate to propensity does not make otherwise material evidence inadmissible under Rule 404(b). Mehrmanesh, 689 F.2d at 830.
 
 2. Rule 403
 
 17
 Stroud's claim that the Stevenson testimony violated Rule 403 is likewise without merit.
 
 
 18
 Stroud argues first that the testimony was merely cumulative because the Government already had evidence "tending to support the charges." However, this falls short of the Government's burden of proving each element of the charge beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). Thus, it cannot be said that further evidence is "merely cumulative."
 
 
 19
 Stroud next challenges the court's jury instruction related to the Stevenson testimony, claiming that it failed to limit the prejudicial effect of the prior bad acts evidence. The jury instruction stated:
 
 
 20
 The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.
 
 
 21
 We find Stroud's claim unpersuasive for two reasons. First, the jury instruction limited the prejudicial potential of the evidence to some extent. Second, if Stroud felt that this instruction was deficient, he was obliged under Federal Rule of Evidence 105 to propose a better one, which he failed to do.
 
 
 22
 Because the probative value of the evidence was not outweighed by its potentially prejudicial effect, we find that the district court did not abuse its discretion by admitting the Stevenson testimony into evidence.
 
 C. Intent to Distribute
 
 23
 Stroud claims that there was insufficient evidence to support his conviction for intent to distribute cocaine under 21 U.S.C. Sec. 841(a)(1). We disagree.
 
 
 24
 We review a challenge to the sufficiency of the evidence to determine whether a trier of fact could conclude beyond a reasonable doubt that all elements of the offense were present, viewing the evidence in the light most favorable to the government and respecting the jury's ability to judge the credibility of witnesses, resolve factual conflicts, and make reasonable inferences. United States v. Feldman, 853 F.2d 648, 654 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989). All reasonable inferences must be drawn in favor of the verdict, and circumstantial evidence alone is sufficient to sustain a conviction. United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986).
 
 
 25
 The Government must prove beyond a reasonable doubt that Stroud 1) knowingly, 2) possessed the cocaine, 3) with intent to distribute. United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991). There was sufficient evidence to prove Stroud's constructive possession of the cocaine. United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). Stroud reached for the area where the cocaine was later found. It was under Stroud's seat, not his companion's. Stevenson testified that Stroud had sold drugs to her a short time before his arrest, and that she had paged Stroud after his arrest to arrange another drug buy. In addition, the time of night, the traffic around the car, the guns, and the quantity of cocaine found in the car provide ample evidence for the jury to conclude beyond a reasonable doubt that Stroud knowingly possessed the cocaine with intent to distribute. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988). We find that the evidence was sufficient to sustain Stroud's conviction for possession of cocaine with intent to distribute.
 
 
 26
 D. Jury Instructions for Firearm in Relation to Drug Offense
 
 
 27
 Stroud claims, and the Government concedes, that the jury instructions for using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(C) constituted reversible error. We agree and reverse Stroud's conviction on Count 2.
 
 
 28
 This issue is directly controlled by United States v. Mendoza, 11 F.3d 126 (9th Cir.1993). The Mendoza court found that the instructions were constitutionally defective because the jury could have found the defendant guilty for merely "carrying" a firearm and that "using" the firearm "to facilitate" the crime was not the equivalent of "in relation to" the crime. Id. at 129.
 
 
 29
 Because the instructions here were identical to those in Mendoza and failed to address the "in relation to" element, they too are constitutionally defective. Id. Accordingly, we reverse Stroud's conviction for the use of a firearm in relation to a drug trafficking offense.
 
 
 30
 We AFFIRM in part and REVERSE in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 We find no merit to the Government's contention that Stroud's pre-arrest statements cannot be suppressed because they were not used as a basis for the firearms charges. These statements were admitted into evidence through the testimony of Officer Hollins during the prosecution's direct examination and thus fall under the rule of Miranda whether they formed the basis for the actual charges or not. See United States v. Patterson, 812 F.2d 1188, 1193 (9th Cir.1987) ("Statements obtained in violation of Miranda may not be admitted against the accused, at least in the prosecution's case in chief.") (emphasis added), cert. denied, 485 U.S. 922 (1988)
 
 
 [2]
 We do not decide Stroud's additional claim that Oregon state law creates a reasonable expectation of privacy in pager transmission because he did not raise the issue below
 
 
 [3]
 The Government's claim that Stroud failed to raise this issue below is in error. Stroud's motion in limine prior to trial raised this issue and gave the district court an opportunity to rule on it. In such a case, the issue is preserved for appeal and a failure to make a contemporaneous objection at trial is excused. United States v. Palmer, 3 F.3d 300, 304 (9th Cir.1993), cert. denied, 114 S.Ct. 1120 (1994)