120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul GRAY, Defendant-Appellant.
 No. 96-50081.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Submission Vacated May 8, 1997.
Resubmitted June 23, 1997.
Decided July 10, 1997.
 
 1
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, U.S. Court of International Trade Judge.**
 
 
 2
 MEMORANDUM*
 
 
 3
 Paul ray appeals his conviction and sentence, imposed after jury trial, for conspiracy to commit armed robberies of postal carriers aiding and abetting the robberies, possession of stolen mail, an using or carrying a firearm during and in relation to the robberies, in violation of 18 U.S.C. §§ 371, 2114, 1708, and 924(c, respectively. Gray's claims of error all relate to his conviction on the two § 924(c) counts. We affirm.
 
 1. Jury Instruction Errors
 
 4
 Gray contends the district court's error in giving Instructions 21 and 23 requires reversal. Because Gray did not object to either instruction, we review for plain error. See Johnson v. Unit States, 65 USLW 4305, 4306-07 (May 12, 1997).
 
 
 5
 Both instructions were erroneous. Instruction No. 21, defining the ele ments of Section 924(c)(1), did not include "in relation to" as an element of the crime. See United States V. Mendoza, 11 F.3d 126, 128-29 (9th Cir.1993). This error was "plain" or "obvious" at the time of trial. See id. Instruction No. 23, defining "uses or carries a firearm," included neither a requirement of active employment" to find use, see Bailey v. United States, 116 S.Ct. 501, 508-09 (1995); United States v. Lopez, 100 F.3d 98, 103 (9th Cir.1996), nor a requirement of "immediately ava ilable for use" or of "transporting the firearm on or about the person" to find carrying. See Lopez, 100 F.3d at 103; United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996). Although Instruction No. 23 was supported by settled law at the time of trial, the error in the instruction is "plain" at the time of appellate consideration. See Johnson, 65 USLW at 4307.
 
 
 6
 Following Johnson, we need not determine whether the errors affected-ray's substantial rights, because the errors did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." See Johnson, 65 USLW at 4308; United States v. Perez, No. 94-10313, slip op. at 7157, 1997 WL 336167, at * (9th Cir. June 20, 1997). There is overwhelming evidence that Calvin used and carried the gun "in relation to" the robberies. By ticking the gun in the side of one postal carrier and brandishing it at the other, Calvin actively employed the gun. There is also no question Calvin literally carried the gun to and from the robber es, satisfying the definition of "carry" in Lopez and Henderson. Gray was properly liable for Calvin's use and carrying under Pinkerton theory. Moreover, there was also strong and convincing evidence that Gray aided and abetted Calvin's use of the gun by giving him the gun immediately before the robbery, afer ensuring that Calvin knew what he was doing. This aiding and abetting the specific crime of using and carrying the firearm is sufficient under United States v. Bancalari, 110 F.3d 1425, 1429 30 (9th Cir.1997). "It is therefore extremely unlikely that, if properly instructed, the jury would not have convicted (Gray of the § 924(c)(1) charge." Perez, slip op. at 7158, 1997 WL 35167 at * 7. "[W]e conclude, under Olano's final discretionary prong, that this error does not warrant correction as seriously affecting the fairness, integrity, or public reputation of judicial proceedings.' " Id. at 7159, 1997 WL 336167 at * 8 (quoting United States v. Olano, 507 U.S. 725, 736 (1993)).
 
 2. Sufficiency of the Evidence
 
 7
 Gray argues that there was no evidence showing that he used or carried a gun in relation to the second robbery. As discussed above the evidence was sufficient to convict Gray based on Calvin's undisputed use of the gun, under either a Pinkerton or aiding and abetting theory.
 
 3. Constructive Amendment of the Indictment
 
 8
 Section 924(c) states the elements of using and carrying a firearm in the disjunctive. 18 U.S.C. § 924(c) ("Whoever uses or carries a firearm"). "The government may charge in the conjunctive form that which the statutes denounce disjunctively, and evidence supporting any one of the charges will support a guilty verdict. United States v. Abascal, 564 F.2d 821 (9th Cir.1977). Gray's claim that charging the jury in the disjunctive was error is without merit.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3