**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Luis Enrique GALLEGOS–CORRALES, Defendant–Appellant.**

No. 93–50596.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1994.

Decided Oct. 7, 1994.

Derek W. Li, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

David Z. Seide, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.

PER CURIAM:

Luis Enrique Gallegos–Corrales was convicted, among other things, for using or carrying a firearm "during and in relation to" a drug trafficking crime in violation of 18 U.S.C. § 924(c). He challenges his conviction on the ground that the district court's jury instructions were inadequate. The court instructed the jury as follows:

> And in order for the defendant to be found guilty of violating Title 18, United States Code, 924c, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant committed the crime of, one, conspiracy to possess with intent to distribute cocaine as charged in Count One, or possessed [sic] with intent to distribute as charged in Count Two.
>
> And, second, that he knowingly used a Model 92F Beretta while committing that crime.

Reporter's Transcript at 457. Gallegos–Corrales argues this instruction violated his due process rights because it did not include the "in relation to" language in its recital of the essential elements of the offense and therefore did not make clear to the jury that the government bore the burden of proving beyond a reasonable doubt the relationship between the gun and the drug trafficking crime.

The government contends other instructions adequately informed the jury on the "in relation to" element. In particular, the government argues that any constitutional error was cured by a supplemental instruction given by the district court:

> The mere presence of a firearm during a drug transaction is insufficient to support a conviction under 924c. The statute does not require, however, that the government demonstrate intent to use the firearm during the course of the transaction, but only *that the defendant chose to carry the firearm in relation to that transaction.*

Reporter's Transcript at 457–58 (emphasis added).

Gallegos–Corrales relies on our recent decision in *United States v. Mendoza,* 11 F.3d 126 (9th Cir.1993). In *Mendoza,* we held a jury instruction similar to the one at issue in this case violated the defendant's due process rights because it omitted the "in relation to" language from its recital of the essential elements of the offense. *Id.* at 128. Moreover, we held that the error was not rendered harmless by other jury instructions which did use the "in relation to" language. *Id.* at 129.

In *Mendoza,* the government argued a supplemental instruction stating that a defendant is considered to have "used" a firearm if the firearm "facilitated or had a role in the crime" rendered harmless any constitutional error. This court disagreed on very narrow grounds. We held that, although the supplemental instruction may have adequately channeled the jury's deliberation with respect to *using* a gun, it offered the jury no guidance as to the requirement that *carrying* the firearm also had to relate to the crime. *Id.* at 129. We implied that, had the court given a similar instruction indicating that the *carrying* of the firearm must relate to the

drug crime, the error might have been harmless.

That is the case here. Unlike the instruction relied upon in *Mendoza*, the supplemental instruction here used the "during and in relation to" language in conjunction with both "using" and "carrying." The district court told the jury the statute does not require "that the government demonstrate intent to *use* the firearm *during the course of the transaction,* but only that the defendant chose to *carry the firearm in relation to that transaction.*" Reporter's Transcript at 457–58 (emphasis added). We believe this language was adequate to inform the jury that the government was required to prove beyond a reasonable doubt the relationship between the use or carrying of the firearm and the underlying drug transaction.[1]

In *Mendoza*, the defendant made a timely objection to the district court's instruction. Gallegos–Corrales, by contrast, raised this argument only on appeal, and we review it only for plain error. *See United States v. Steward*, 16 F.3d 317, 320 (9th Cir.1994). In *Steward*, we upheld a § 924(c) instruction that failed to include the "in relation to" language. We concluded there was no plain error in part because "the 'during and relating to' requirement was spelled out fully elsewhere in the instructions." *Id.* at 321. That is also the case here.

 Moreover, failure to instruct on the relationship requirement of § 924(c) constitutes plain error only "where there is a significant possibility the jury might have acquitted if it had considered the matter." *Id.* at 320 (quoting *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985)). On the facts of this case, acquittal would have been unlikely even if the challenged instruction had included the "in relation to" language. The gun was found on the driver's side floorboard of Gallegos–Corrales's automobile, and Gallegos–Corrales was sitting in the driver's seat at the time he handed a white plastic bag containing the narcotics to his co-defendant, Angel Carlos Martines. The firearm was therefore readily available to Gallegos–Corrales at the most crucial phase of his involvement with the drug transaction—the actual delivery of the cocaine. *See Steward*, 16 F.3d at 320–21 (finding "little likelihood of acquittal because the defendant was carrying a loaded, semi-automatic pistol in his pants while participating in a drug transaction"). Thus, even if the district court had committed error, it would not have been plain error.

AFFIRMED.

---

1. The government also contends two other jury instructions using the "in relation to" language were sufficient to cure any error in the challenged instruction. Instruction No. 31 stated that Count Three charged Gallegos–Corrales with a violation of 18 U.S.C. § 924(c), "which makes it unlawful to use or carry a firearm in relation to a drug trafficking crime." Reporter's Transcript at 456. Instruction No. 32 stated that § 924(c) "provides that whoever, during and in relation to a drug trafficking crime ... uses a firearm, shall be guilty of an offense against the United States." Reporter's Transcript at 457. In *Mendoza*, however, this court rejected the argument that two jury instructions substantially identical to Instructions Nos. 31 and 32 adequately informed the jury on the relationship element of § 924(c). 11 F.3d at 129.