United States Court of Appeals,

Eleventh Circuit.

No. 93-9476.

UNITED STATES of America, Plaintiff-Appellee,

v.

Arraion RANGE, Jr., Defendant-Appellant.

Sept. 11, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (nO. 1:93-CR-184-3) Marvin H. Shoob, Judge.

Before KRAVITCH and BIRCH, Circuit Judges, and SCHWARZER[*], District Judge.

SCHWARZER, Senior District Judge:

Defendant Arraion Range and two co-defendants were charged in two counts with conspiracy to possess cocaine with intent to distribute and attempt to possess cocaine with intent to distribute. A third count against Range alone charged that he knowingly used and carried a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). A jury convicted all defendants on all counts. The district court denied Range's motion for judgment of acquittal and sentenced him to sixty months on the firearm count, consecutive to a sixty-three month sentence on counts one and two. Range appeals from the judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

*FACTS*

An informant, Glover, arranged to sell cocaine to co-defendant Hammond at an Atlanta restaurant. At the appointed time, Range

[*]Honorable William W Schwarzer, Senior U.S. District Judge for the Northern District of California, sitting by designation.

drove up and parked in the restaurant parking lot. Shortly thereafter, co-defendant Mathis drove up with Hammond. Hammond and Mathis discussed the deal with Glover. DEA Agent Clark, who was posing as the source, waited in his parked car nearby. When Glover motioned for Clark to join them, Clark said that Glover would have to see the money before he would show them the cocaine. Hammond and Glover walked to Mathis' car and told him that Glover needed to see the money. Mathis made a phone call for the money to be brought. Range then moved his car next to Mathis'. Hammond got into Range's car, picked up a plastic bag from the floor, and showed a sum of money to Glover. Hammond exited the car and he and Glover walked back to where Mathis was waiting. Glover told Clark he had seen the money. Clark then drove his truck over to where the others were gathered and showed Hammond two packages which appeared to be two kilograms of cocaine. All three participants were then arrested. A search of Range's car at the time of the arrest disclosed a loaded, .380 pistol under the floormat by the front seat, along with a bag containing $40,000 in cash.

*DISCUSSION*

Range challenges his convictions on three grounds: (1) that the firearm count should be dismissed because the evidence was insufficient to show that he used or carried a firearm during or in relation to a drug trafficking offense; (2) that the court's instructions to the jury on the firearm count were erroneous; and (3) that the court's exclusion of exculpatory statements was reversible error.

I. SUFFICIENCY OF EVIDENCE

Range does not dispute that the gun was found in the car he was driving and that he was aware the gun was in the car. He contends, however, that there is no evidence to show that he "used" or "carried," or intended to use, a firearm during or in relation to a drug trafficking offense.

Sufficiency of evidence is a question of law reviewed de novo. *United States v. Harris,* 20 F.3d 445, 452 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 434, 130 L.Ed.2d 346, *and cert. denied,* --- U.S. ----, 115 S.Ct. 611, 130 L.Ed.2d 521, *and cert. denied,* --- U.S. ----, 115 S.Ct. 612, 130 L.Ed.2d 521 (1994). We review the evidence in the light most favorable to the government. *Id.* To uphold the trial court's denial of the motion for judgment of acquittal and the jury's guilty verdict, we need only find that a reasonable fact finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. *United States v. Keller,* 916 F.2d 628, 632 (11th Cir.1990), *cert. denied,* 499 U.S. 978, 111 S.Ct. 1628, 113 L.Ed.2d 724 (1991).

The government concedes that the evidence is insufficient to support a conviction for "use" of a firearm after *Bailey v. United States,* --- U.S. ----, ----, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995) (requiring proof of *active employment* of the firearm in the commission of the offense to establish "use" under 18 U.S.C. § 924(c)(1)). The government contends, however, that a new trial is unnecessary because the indictment charged Range under both the "use" and "carry" prongs of section 924(c)(1) and the evidence sufficed to establish the "carrying" of a firearm during or in relation to the offense.

With respect to the sufficiency of the evidence, our recent decision in *United States v. Farris,* 77 F.3d 391 (11th Cir.1996), is squarely on point.  There, a gun was found in the glove compartment of the car from which drugs had been distributed. Farris, who had set up the drug deal and was to make the sale, was a passenger in the car being used to make the drug delivery.  He was arrested while attempting to make the delivery;  he was not in the car when it was stopped and a search revealed the gun.  The government conceded that after *Bailey* there was no "use," but argued that the evidence sufficed to support a conviction under the "carry" prong.  We affirmed the conviction, holding that "the jury could find that the firearm was being carried by Farris in the vehicle."  *Id.* at 396.  We see no distinction between the facts in *Farris* and those in this case.  Here, defendant knowingly carried a gun under the floormat of the car when he delivered the money for the cocaine.  *See also United States v. Riascos-Suarez,* 73 F.3d 616, 623 (6th Cir.1996) (upholding a conviction under the carrying prong on evidence that the defendant, shown to have been a participant in a drug transaction, drove a car containing a large amount of cash and "a loaded weapon near the driver's seat.").

II. THE EFFECT OF THE ERRONEOUS JURY CHARGE

The government contends that, although the instruction with respect to "use" was incorrect, because the evidence was sufficient to establish that Range carried the firearm (as discussed above), the jury's general verdict can be upheld.

A. *The Sufficiency of the "Carrying" Instruction*

Initially, Range argues that the "carrying" charge was

erroneous.

The court instructed the jury in relevant part as follows:

Now members of the jury, as to Count Three, Title 18, United States Code, Section 924(c)(1), makes it a separate crime or offense for anyone to use or carry a firearm during and in relation to the commission of a drug trafficking offense.

A defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt: First, that the defendant committed the felony offense charged in count one and count two; second, that such offense was a drug trafficking offense; and, third, that the defendant knowingly used or carried the firearm described in the indictment while committing such drug trafficking offense.

To show use of the firearm the government need not prove that the firearm was fired, brandished, or even displayed during the drug-trafficking offense. However, mere presence of the firearm would not constitute use within the meaning of the statute. Rather, possession of a firearm constitutes use in relation to the drug-trafficking offense if the firearm played a purpose or function in carrying out the drug-trafficking offense.

Range contends that the court erred in failing to provide a definition of "carry," but he specifically waived that objection at trial. He also contends, however, that the "carrying" charge was erroneous in omitting an essential element, i.e., that the firearm was carried "during and in relation to the commission of" the offense. He relies on *United States v. Stewart,* 779 F.2d 538 (9th Cir.1985), *cert. denied,* 484 U.S. 867, 108 S.Ct. 192, 98 L.Ed.2d 144 (1987), and *United States v. Mendoza,* 11 F.3d 126 (9th Cir.1993), both holding that failure to instruct on the relational element of section 924(c)(1) is constitutional error. In *Mendoza,* the court held that the omission was not cured by inclusion of the relational language in the description of the indictment and of the provisions of section 924(c)(1) that the trial court had given the jury. The court said:

It was Instruction No. 33 that informed the jury exactly what it must find in order to convict, and that instruction conspicuously omitted any requirement that the gun be used "in relation to" the drug offense.

11 F.3d at 129.

A later decision of the Ninth Circuit distinguished *Mendoza* on the ground that it had not been decided under the plain error rule, the defendant having raised the objection at trial. *United States v. Gallegos-Corrales,* 37 F.3d 548, 550 (9th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1716, 131 L.Ed.2d 575 (1995). In *Gallegos-Corrales,* the court declined to find plain error where a supplemental instruction included a statement that the government need only prove "that the defendant chose to carry the firearm in relation to that transaction." *Id.* at 549.

The plain error rule applies here because Range raised this issue for the first time on appeal. *United States v. Rojas,* 502 F.2d 1042, 1045 (5th Cir.1974); *United States v. Gerald,* 624 F.2d 1291, 1299 (5th Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1369, 67 L.Ed.2d 348 (1981). While the court's instruction on what the jury had to find to convict initially omitted the relational requirement, it included that requirement at the end of the instruction, albeit with reference to "use." But the omission of a specific instruction applying the relational element to the "carrying" prong is plain error only if there is a "significant possibility the jury might have acquitted if it had considered the matter." *United States v. Steward,* 16 F.3d 317, 320 (9th Cir.1994) (quoting *United States v. Stewart,* 779 F.2d 538, 540 (9th Cir.1985)).

In *Steward,* the court held that "failure to instruct on the

relationship between the firearm and the underlying crime" was not plain error where "the requirement was spelled out fully elsewhere in the instructions," and "there [was] little likelihood of acquittal because the defendant was carrying a loaded ... pistol in his pants while participating in a drug transaction." *Id.* at 320-21. Here, as in *Steward,* the relational element was stated elsewhere in the instructions and, in view of the undisputed evidence that Range knowingly carried the firearm under the floormat of the car in which he brought the money to the transaction, there is little likelihood that the instructional error misled the jury into convicting where it might otherwise have acquitted.

B. *The Sufficiency of the General Verdict*

Range argues that (even if the "carrying" charge passes muster) because the jury was given an erroneous instruction on "use" and it cannot be determined whether it relied on that instruction, the conviction must be reversed, relying on *Griffin v. United States,* 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). In *Griffin,* the Court upheld a general verdict of conspiracy where the evidence was sufficient to support one of the unlawful objects charged but not the other. The Court distinguished the case before it, where one of the bases for conviction was *factually* insufficient, from one in which one of the bases for a general verdict is *legally* invalid. Range argues that his case falls into the second category; that because the jury might have relied on the erroneous "use" instruction, the verdict cannot stand.

The government responds that because alternate means were

charged under section 924(c)(1), and the evidence clearly supported one of them, the jury's general verdict on that count must stand. It cites *Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970), holding that "[t]he general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged." And it relies on *Schad v. Arizona,* 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), where the plurality opinion noted that due process does not require that a jury unanimously agree on one of several alternative statutory means of committing the charged offense.

The government's argument rests on the assumption that when the indictment charged Range with "us[ing] and carry[ing]" a firearm, it charged alternate means of violating section 924(c)(1) rather than separate offenses. Whether section 924(c)(1) is an alternate-means statute is a question of statutory interpretation, see 501 U.S. at 636, 111 S.Ct. at 2499, that appears not to have heretofore been decided. However, *United States v. Correa-Ventura,* 6 F.3d 1070 (5th Cir.1993), held that section 924(c)(1) did not require jury unanimity with respect to the particular firearm used. In reaching that conclusion, the court thought it significant that the offense is not the mere carrying or use of a firearm, but, rather, its employment in the commission of another predefined felony; that the statute was akin to a penalty enhancement provision; and that the legislative history reflected a Congressional purpose to achieve maximum deterrence against using

firearms in connection with another crime. *Id.* at 1083. It was also influenced by decisions that the number of firearms used is irrelevant for conviction; use of more than one will not support more than one conviction based on the same predicate offense. *Id.* at 1085; *see also United States v. Privette,* 947 F.2d 1259, 1262-63 (5th Cir.1991) (use of more than one gun will not support multiple counts for use of firearm during single drug trafficking offense), *cert. denied,* 503 U.S. 912, 112 S.Ct. 1279, 117 L.Ed.2d 505 (1992). *Compare, United States v. Edmonds,* 80 F.3d 810 (3d Cir.1996) (en banc) (holding jury unanimity required on predicate felony offenses for violation of continuing criminal enterprise statute, 21 U.S.C. § 848).

The reasoning of *Correa-Ventura* is persuasive and suggests that jury unanimity is not required with respect to the "use" and "carry" elements. That conclusion appears also to be implicit in courts' articulation of the proof required for conviction. For instance, the Tenth Circuit has described the requisite proof as follows: "(1) the defendant committed the underlying crime; (2) the defendant "*used* ' *or* "*carried* ' a weapon; (3) the use or carriage of the weapon was "during and in relation to' the drug trafficking crime." *United States v. Richardson,* 86 F.3d 1537, 1546 (10th Cir.1996) (emphasis added). And in *United States v. Riascos-Suarez,* 73 F.3d 616, 622 (6th Cir.1996), the court said that "under section 924(c)(1), the United States must prove that the defendant: (1) *carried or used* a firearm; (2) during and in relation to a drug trafficking crime." (Emphasis added.) *See also Smith v. United States,* 508 U.S. 223, 228, 113 S.Ct. 2050, 2053-54,

124 L.Ed.2d 138 (1993) ("By its terms, the statute requires the prosecution to make two showings. First, ... that the defendant "use[d] or carrie[d] a firearm.' Second, ... that the use or carrying was "during and in relation to' a "crime of violence or drug trafficking crime.' ").

The Supreme Court's *Bailey* opinion also supports the conclusion that section 924(c)(1) is an alternate means statute. The Court stated that "Congress has specified two types of conduct with a firearm: "uses' or "carries.' " --- U.S. ----, ----, 116 S.Ct. 501, 507, 133 L.Ed.2d 472 (1995). Consequently, "[w]hile a broad reading of "use' undermines virtually any function for "carry,' a more limited, active interpretation of "use' preserves a meaningful role for "carries' as an alternative basis for a charge." *Id.* Thus, Congress provided "two alternate bases for a section 924(c)(1) conviction—"uses or carries'...." *Id.* at ----, 116 S.Ct. at 507.

While it is thus clear that a general verdict under section 924(c)(1) will be sustained so long as the evidence is sufficient to establish one of the means of violating it, the question remains whether, under *Griffin v. United States,* 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), a general verdict can stand where one of the possible bases of conviction rests on a legally erroneous instruction.

The courts confronted with this problem under section 924(c)(1) have dealt with it by applying the plain-error rule. Thus, in *United States v. Baker,* 78 F.3d 1241, 1247 (7th Cir.1996), the court affirmed the conviction where the defendant's gun was

found resting underneath the driver's seat of his car when he was stopped carrying a quantity of crack and there was no evidence of "use" as opposed to "carry." The court held that "a properly instructed jury [would] have concluded that [defendant] "carried" the gun." *Id. See also United States v. Richardson,* 86 F.3d 1537 (10th Cir.1996) (conviction affirmed under the "carrying" prong where there was no evidence of "use" but evidence established that the defendant was arrested en route to a drug transaction with one gun in his pocket and another on the front seat of his truck); *United States v. Pimentel,* 83 F.3d 55, 59-60 (2d Cir.1996).

A court must, however, be able to "determine with absolute certainty that the jury based its verdict on the ground on which it was properly instructed." *United States v. Miller,* 84 F.3d 1244, 1257 (10th Cir.1996). In *Miller,* the court reversed a conviction based on evidence that a bag found in the back of defendant's van contained, along with drugs and drug paraphernalia, two loaded weapons, holding that "it is possible that the jury convicted ... solely because it found he "used' the firearms merely by concealing them in the van, which directly conflicts with *Bailey.*" *Id.*

Similarly, in *United States v. Thomas,* 86 F.3d 647 (7th Cir.1996), in addition to evidence of "carrying," evidence was also offered that defendants owned handguns which they kept at home for protection. The court reversed the conviction, holding that because "the jury may well have relied upon this evidence in convicting the defendants ... we are not convinced that a properly instructed jury would have convicted ... [under] 18 U.S.C. § 924(c)(1)." *Id.* at 650-51.

We are convinced that in this case, the jury based its verdict on the ground on which it was properly instructed. The evidence of the "carrying" of a firearm was overwhelming, and there was a complete absence of evidence from which the jury could have found "use," as opposed to "carrying," under the erroneous instruction. We conclude that a properly instructed jury would have found Range guilty of carrying a firearm during and in relation to a drug trafficking offense.

III. THE EVIDENTIARY RULING

Range's final contention is that his conviction on all counts must be reversed because the trial court erred in curtailing his cross-examination of Agent Metzger.

Evidentiary rulings are reviewed for abuse of discretion. *United States v. Beasley,* 72 F.3d 1518, 1524 (11th Cir.1996), *cert. denied,* --- U.S. ----, 116 S.Ct. 2570, 135 L.Ed.2d 1086 (1996); *United States v. Smith,* 918 F.2d 1501, 1510 (11th Cir.1990), *cert. denied,* 502 U.S. 890, 112 S.Ct. 253, 116 L.Ed.2d 207 (1991), *and cert. denied,* 502 U.S. 849, 112 S.Ct. 151, 116 L.Ed.2d 117 (1991). The trial court has broad discretion in determining the admissibility of evidence. *United States v. Hurley,* 755 F.2d 788, 790 (11th Cir.1985). "Even where an abuse of discretion is shown, non-constitutional evidentiary errors are not grounds for reversal absent a reasonable likelihood that the defendant's substantial rights were affected." *United States v. Sellers,* 906 F.2d 597, 601 (11th Cir.1990).

On direct examination, Agent Metzger testified regarding statements made by Range after the arrest which showed that Range

knew that the gun and money were in the car he had been driving. The court barred further testimony as to the balance of Range's post-arrest statements. Range made a proffer that continued cross-examination of Agent Metzger would establish that Range had stated that co-defendant Mathis had placed the gun and the money in the car and had given him instructions to go to the restaurant. The court barred this line of questioning on *Bruton* grounds because the statement inculpated Range's co-defendant. Range argues that because the government "opened the door" by offering a portion of his statements through Agent Metzger's testimony, he was entitled to put into evidence "the balance of his statement." We disagree.

The rule of completeness on which Range relies is embodied in Fed.R.Evid. 106. Rule 106 provides that when a writing or recorded statement is introduced by a party, an adverse party may require the introduction ... of any other part ... which in fairness ought to be considered contemporaneously with it. Fed.R.Evid. 611(a) has been read to impose the same fairness standard upon conversations. *United States v. Haddad,* 10 F.3d 1252, 1258 (7th Cir.1993); *United States v. Castro,* 813 F.2d 571, 576 (2d Cir.1987), *cert. denied,* 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987). Under the Rule 106 fairness standard, the exculpatory portion of the defendant's statement should have been admitted if it was relevant to an issue in the case and necessary to clarify or explain the portion received. *Haddad,* 10 F.3d at 1259.

In applying the Rule 106 fairness standard analysis, we first examine the remaining portions of Range's statement to determine whether it was relevant to an issue in the case. Section 924(c)(1)

punishes one who knowingly carries a weapon during and in relation to a drug trafficking offense. Ownership of the gun or the identity of the person who placed the gun in the car is irrelevant to the determination whether there has been a violation of section 924(c)(1). The government sought to establish through its introduction of Range's statement that he knew about both the weapon and the money in the car, knew about the underlying drug trafficking offense, and knew that he was physically transporting the weapon and money. Accordingly, the portion of the statement redacted in which Range stated that Mathis had placed the gun in the car was irrelevant.

However, more importantly, if the court had allowed Range to cross-examine Agent Metzger as to the redacted portion of the statement, co-defendant Mathis would have been deprived of his Sixth Amendment right to confront the witnesses against him. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (holding that the admission of a nontestifying defendant's confession, implicating his co-defendant in the crime, violates the co-defendant's rights under the Confrontation clause of the Sixth Amendment). When multiple defendants are involved and statements have been redacted to avoid *Bruton* problems, the "rule of completeness" is "violated only when the statement in its edited form ... effectively distorts the meaning of the statement or excludes information substantially exculpatory of the nontestifying defendant." *United States v. Lopez,* 898 F.2d 1505, 1511 n. 11 (11th Cir.1990) (citing *United States v. Smith,* 794 F.2d 1333, 1335 (8th Cir.1986), *cert. denied,* 479 U.S. 938, 107 S.Ct. 419, 93

L.Ed.2d 370 (1986)).  Here, the redacted version did not distort Range's statement.

Given the trial court's obligation to protect both the interests of Range's co-defendants and the interest in judicial economy, *United States v. Castro,* 813 F.2d 571, 576 (2d Cir.1987), *cert. denied,* 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987), we cannot say that the court abused its discretion in limiting the cross-examination of Agent Metzger.

AFFIRMED.