**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Granvel E. WINDOM, Defendant– Appellant.**

No. 94–3351.

United States Court of Appeals, Seventh Circuit.

Dec. 4, 1996.

Stephen J. Liccione (submitted on briefs), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

John A. Birdsall, Gonzalez, Saggio, Birdsall & Harlan, Milwaukee, WI, for Defendant–Appellant.

Before CUMMINGS and CUDAHY, Circuit Judges, and LEINENWEBER, District Judge.*

## OPINION ON REHEARING

LEINENWEBER, District Judge.

On April 30, 1996, this court affirmed Windom's convictions with the exception of Count 7 which charged a drug-related gun violation under 18 U.S.C. § 924(c)(1). We reversed this count on the authority of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Rehearing was granted at the request of the government on the basis that our decision appeared to be inconsistent with other post-*Bailey* cases in this circuit (e.g., *United States v. Baker,* 78 F.3d 1241 (7th Cir.1996); *United States v. Gonzalez,* 93 F.3d 311 (7th Cir.1996); *United States v. Holmes,* 93 F.3d 289 (7th Cir.1996)), as well as other circuits (e.g., *United States v. Pimentel,* 83 F.3d 55 (2d Cir.1996); *United States v. Riascos–Suarez,* 73 F.3d 616 (6th Cir.1996)).

The language in these cases holds that convictions of Section 924(c)(1) should be affirmed in spite of the erroneous definition of "use" in conjunction with the "use or carry" instruction under *Bailey* if the undisputed facts necessarily found by the jury amounted to the "functional equivalent" of a finding that the defendant had carried a weapon.

Here the evidence is indistinguishable from that found to be the functional equivalent of carry that was the basis of the decision in *Baker.* In this case, as was the case in *Baker,* Windom was observed bent beneath the seat of his car where the gun was immediately thereafter found. These facts were not disputed by Windom and were essential to the jury's verdict. Thus the evidence was sufficient to conclude that the jury would have undoubtedly convicted Windom had it properly been instructed.

Accordingly, the judgment of this court reversing Count 7 is vacated and the judgment of the District Court is affirmed.