122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco CARO Rodriguez, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge PEREZ-GARZA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier Gallardo OCHOA, aka Javier Gallardo-Pena, Defendant-Appellant.
 Nos. 95-30329, 95-30359, 95-30361.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Submission Vacated June 2, 1997.
Resubmitted Sept. 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding
 Before: BROWNING, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We AFFIRM all convictions of Francisco Caro Rodriguez and Jorge Perez-Garza, and decline to review Javier Gallardo Ochoa's sentencing for lack of jurisdiction.
 
 RODRIGUEZ
 1. Duress Instruction
 
 3
 Assuming but not deciding the district court erred by placing the burden of proving duress on the defendant, the error was harmless. Proving duress requires establishing, inter alia, that the defendant had no reasonable opportunity to escape. United States v. Beltran-Rios, 878 F.2d 1208, 1213 (9th Cir.1989). Overwhelming evidence demonstrated Rodriguez had ample opportunity to escape. No rational jury coud have found to the contrary even if instructed that the government rather than the defendant bore the burden of proof. If error occurred in allocating the burden of proof, the error did not contribute to the verdict. Yates v. Evatt, 500 U.S. 391, 403 (1991).
 
 2. Kidnapping Instruction
 
 4
 Because Rodriguez did not object to the jury instructions at trial, we will only reverse his conviction if the error was plain and affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Rodriguez has suggested no prejudice that might have resulted from the court's use of the word "intentionally" rather than "willfully" in instructing the jury on the elements of the kidnapping charge. Therefore, the district court's error does not require reversal.
 
 3. Exclusion of Expert Testimony
 
 5
 It was not an abuse of discretion to deny permission to introduce the expert testimony of a clinical psychologist. United States v. Rahm, 993 F.2d 1405, 1409-10 (9th Cir.1993). The notice required by Federal Rule of Criminal Procedure 12.2 was untimely (over three months late), and the testimony would have been inadmissable credibility testimony.
 
 4. Using and Carrying a Firearm
 
 6
 It was plain error not to instruct the jury that the firearm had to be used or carried "in relation to" the kidnapping, but the error did not affect Rodriguez's substantial rights. Olano, 507 U.S. at 732. Rodriguez's actual use of the gun during and in relation to the kidnapping was undisputed. There was no significant possibility that the jury might have acquitted Rodriguez if the instruction had included the "in relation to" language. See United States v. Perez, 116 F.3d 840, 848 (1997) (en banc); United States v. Gallegos-Corrales, 37 F.3d 548, 550 (9th Cir.1994).
 
 PEREZ-GARZA
 
 7
 Reviewing the evidence Ln the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the three gun charges beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 8
 1. Using or Carrying a Firearm (18 U.S.C. § 924(c))
 
 
 9
 Hernandez testified someone pointed a gun into his body while holding him down on the floorboard in the back seat of the car when he was originally abducted. Rodriguez could not see the person, but identified his voice as that of Perez-Garza's. A plastic bag containing .38 caliber revolver ammunition was found in a pouch on the back of the front seat, in front of the back seat in which Perez-Garza was sitting while he held Hernandez down. Rodriguez testified Molina told him he had given the .38 caliber revolver to Perez-Garza. Hernandez's testimony, the physical evidence, and Molina's statement to Rodriguez that he had given the gun to Perez-Garza could have convinced a rational trier of fact that Perez-Garza was guilty of using the gun in relation to the kidnapping.
 
 
 10
 2. Felon in Possession (18 U.S.C. § 922(g)(1))
 
 
 11
 The same evidence supports Perez-Garza's conviction as a felon in possession of a weapon.
 
 
 12
 3. Conspiracy to Use Firearm (18 U.S.C. § 371)
 
 
 13
 There was sufficient evidence to convince a rational juror that all the elements of the conspiracy charge were present. An agreement to use firearms during and in relation to the kidnapping can be inferred from the presence of the firearms during the entire course of the kidnapping. Perez-Garza became a member of the conspiracy by actually using the .38 caliber revolver. An overt act was performed for the purpose of carrying out the conspiracy when Rodriguez pointed a gun at Hernandez during the original abduction.
 
 OCHOA
 
 14
 This court has no jurisdiction to review Ochoa's sentence because it was not imposed in violation of law. Federal Rule of Criminal Procedure 32(c)(3) itself gave Ochoa adequate notice that Hernandez, the victim, might address the court. Rule 32(c)(3) does not require the court to ask the defendant if he wished to respond, and Ochoa's attorney did not indicate either he or Ochoa wished to do so.
 
 
 15
 WE AFFIRM the convictions of Rodriguez and Perez-Garza. We decline to review Ochoa's sentence for lack of jurisdiction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3