[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2012
JOHN LEY
CLERK

No. 11-13509
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00089-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YANCEY JACK GARRINGER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 5, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Yancey Jack Garringer appeals his conviction for using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Upon review of the record and consideration of the parties' briefs, we hold that the district court properly denied Garringer's motion for judgment of acquittal.

On July 12, 2010, Garringer was stopped by law enforcement shortly after exiting the interstate in Fort Walton Beach, Florida. After he was stopped, law enforcement conducted a search of Garringer's car. They discovered 750 grams of cocaine and an unloaded nine-millimeter semiautomatic pistol in the car's locked glove box, as well as an ammunition magazine for the pistol in the car's center console. On appeal, Garringer argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove his knowledge of the firearm's presence in his car, and was also insufficient to prove the reason the firearm was present in his car.

We review de novo the denial of a defendant's motion for judgment of acquittal, upholding the denial "if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005) (quotation marks omitted). We view the evidence in the light most favorable to the government and draw all

2

reasonable inferences and credibility determinations in favor of the jury's verdict. United States v. Lanzon, 639 F.3d 1293, 1298 (11th Cir. 2011).

Under 18 U.S.C. § 924(c)(1)(A)(i), "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm" is sentenced to an additional five year term of imprisonment. To sustain a conviction under this statute, the government must present sufficient proof that (1) the defendant "used or carried" a firearm (2) "during and in relation to" a drug trafficking crime. United States v. Timmons, 283 F.3d 1246, 1250–52 (11th Cir. 2002).

Since the parties agree that Garringer did not use the firearm during this offense, we consider whether he carried a firearm within the meaning of the statute. Typically, under the "carry" prong, a defendant need only be aware that a firearm is present with him in the vehicle, during the course of a drug trafficking crime, is. See Muscarello v. United States, 524 U.S. 125, 139, 118 S. Ct. 1911, 1919, (1998); see also United States v. Quinn, 123 F.3d 1415, 1427–28 (11th Cir. 1997) (holding that the defendant, in driving to a drug deal with a gun beside him for protection, satisfied the "carry" prong, despite having left the gun in his car fifty to sixty feet away during the actual transaction); United States v. Range, 94 F.3d 614, 616–17 (11th Cir. 1996) (concluding that defendant "carried" a gun when he knowingly had the gun under the floormat of the car he was driving).

3

In this case, the evidence shows that Garringer was aware of the cocaine in his glove box; and the pistol rested on top of that cocaine. Further, the pistol in the glovebox and the ammunition magazine in the center console were within Garringer's reach as he sat in the vehicle, even if accessing the gun would have required stopping the car. A reasonable factfinder could infer from this evidence that Garringer knew the pistol was in his car as he ferried the drugs from Texas to Florida, and could thus conclude that he carried the firearm under § 924(c)(1)(A).

Next, we consider the statute's second requirement, asking whether Garringer carried the firearm "during and in relation to" a drug trafficking crime. Timmons, 283 F.3d 1251–52. Garringer does not dispute that he possessed the firearm "during" the alleged drug trafficking offense, but argues that there was no evidence showing his possession occurred "in relation to" the offense.

To prove the "in relation to" requirement, the government must demonstrate that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Smith v. United States, 508 U.S. 223, 238, 113 S. Ct. 2050, 2059 (1993). "The gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." Id. at 238, 113 S. Ct. at 2059 (citations and internal punctuation omitted).

4

In this case, Garringer admitted he had purchased the cocaine in Texas and planned to sell it in Florida. The pistol was found resting on top of that cocaine in Garringer's glove box. These facts, viewed in a light most favorable to the government, are sufficient to allow a reasonable factfinder to infer that the gun was not entirely unrelated to the drug crime, or in the glove box with the drugs coincidentally. See id. at 238, 113 S. Ct. at 2059 (observing that "in the ordinary" § 924(c)(1) case the gun "facilitates the offense by providing a means of protection or intimidation" (citation and alterations omitted)). Thus, the evidence can support the conclusion that, beyond a reasonable doubt, the pistol held the "potential of facilitating" the drug offense. Id. (quotation marks omitted)

For these reasons, we conclude that a reasonable factfinder could determine that the evidence establishes, beyond a reasonable doubt, that Garringer carried a firearm during and in relation to a drug trafficking crime. We therefore affirm the district court's denial of Garringer's motion for judgment of acquittal.

**AFFIRMED.**